Party Defendants-Appellants. [619 NYS2d 980] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted partial summary judgment to plaintiffs on the issue of defendants' liability pursuant to Labor Law § 240 (1). William Allan, Jr. (plaintiff), an ironworker, fell approximately 30 feet when a beam upon which he was sitting became detached at one end and fell, throwing him to the ground. Plaintiff asserted that no safety devices were provided by defendants. Third-party defendants contend that a factual issue exists whether plaintiff was a recalcitrant worker.

We conclude that the evidence provided by third-party defendants, that safety belts and lines were available on the work site and that workers were told to use them, fails to raise a factual issue whether plaintiff "refused to use the safety devices that were provided by the owner or employer" under the circumstance in which plaintiff fell *(Stolt v General Foods Corp.,* 81 NY2d 918, 920; *see also, Hagins v State of New York,* 81 NY2d 921; *Murray v Niagara Frontier Transp. Auth.,* 199 AD2d 984; *Laurie v Niagara Candy,* 188 AD2d 1075, 1075-1076). (Appeals from Order of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.

■ RICHARD G. KOZLOWSKI et al., Appellants, v ALCAN ALUMINUM CORPORATION, Respondent and Third-Party Plaintiff. TEAM SERVICE CORPORATION, Third-Party Defendant-Respondent. (Appeal No. 1.) [619 NYS2d 1014] —Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Labor Law § 240 [1].) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.

■ RICHARD G. KOZLOWSKI et al., Appellants, v ALCAN ALUMINUM CORPORATION, Respondent and Third-Party Plaintiff. TEAM SERVICE CORPORATION, Third-Party Defendant-Respondent. (Appeal No. 2.) [621 NYS2d 240] —Appeal from order insofar as it denied reargument unanimously dismissed *(see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984) and order modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Richard G. Kozlowski (plaintiff) fell from a permanent ladder affixed to a cold-mill processor. The IAS Court erred in granting defendant's cross motion for summary judgment on the Labor Law § 240 (1) cause of action. The ladder was a part of